

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-21-2007

# Rubiano v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3949

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Rubiano v. Atty Gen USA" (2007). *2007 Decisions*. Paper 17.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/17

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-3949

*MONIQUE RUBIANO,

<u>Petitioner</u>

v.

ATTORNEY GENERAL OF THE UNITED STATES,

<u>Respondent</u>

*(Amended per Clerk's Order dated 9/1/06)

On Petition for Review of a
Decision and Order of the Board of
Immigration Appeals
Immigration Judge:  Hon. Esmeralda Cabrera
(BIA No. A95-370-253)

Submitted under Third Circuit LAR 34.1(a)
December 14, 2007

BEFORE:  RENDELL, GREENBERG, and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Filed: December 21, 2007)

OPINION OF THE COURT

GREENBERG, <u>Circuit</u> <u>Judge</u>.

This matter comes on before this court on a petition for review of a decision and

order of the Board of Immigration Appeals ("BIA") entered August 1, 2006. The case arises following earlier proceedings involving the petitioner Monique Rubiano before an immigration judge ("IJ"), the BIA, and this court. In the previous proceedings the IJ entered an order denying Rubiano's request for asylum, withholding of removal, and relief under the Convention Against Torture, and ordered her removal from the United States, all in accordance with the IJ's oral decision rendered on March 11, 2003. Rubiano appealed to the BIA, which on July 22, 2004, rendered a decision and order adopting and affirming the IJ's decision with a modification with respect to the IJ's adverse finding regarding Rubiano's credibility.

Rubiano then filed a petition for review with this court and on October 19, 2005, we filed an opinion in a case entitled <u>Monique Rubiano Arboleda v. Gonzales</u>, No. 04-3303, 2005 U.S. App. LEXIS 22612 (3d Cir. Oct. 19, 2005), partially granting and partially denying the petition for review, partially vacating the July 22, 2004 order of the BIA, and remanding the case to the BIA. In particular, we directed the BIA to clarify the basis for its determination upholding the IJ's finding that Rubiano, who had testified at the hearing before the IJ, lacked credibility.

Following the remand the BIA rendered the decision and order of August 1, 2006, from which Rubiano has brought the petition for review presently before us. In that decision and order the BIA affirmed the IJ's disposition of this case denying Rubiano relief on all grounds and ordering her removal. It also clarified its ruling with respect to Rubiano's credibility.

2

In her brief in support of the petition for review now before us Rubiano indicates that the issues are as follows:

> 1. Whether the Immigration Judge erred by denying the petitioner's application for asylum, for withholding of removal and protection under Article 3 of the Convention Against Torture, pursuant to section 208 and 241(b)(3) of the Immigration and Nationality Act.

> 2. Whether the Board abused its discretion by affirming the decision below and by failing to remand the matter to the Immigration Court, thereby resulting in a violation of petitioner's Fifth Amendment due process rights.

Petitioner's br. at 1.

She summarizes her argument as follows:

> The denial of petitioner's application for asylum, for withholding of removal and protection under the Convention Against Torture by the Immigration Judge and affirmed by the Board should be vacated and the case remanded for a hearing on the issues presented herein. The petitioner now appeals to this jurisdiction to demonstrate her eligibility for asylum, for withholding of removal and for protection under Article 3 of the Convention Against Torture under the relevant sections of the Act cited herein. The petitioner submits that it was an abuse of discretion by the Board in the denial of petitioner's applications as the petitioner asserts that credible, consistent and objective testimony and evidence were provided in satisfaction of the statutory criteria.

Petitioner's br. at 8.

We have jurisdiction under 8 U.S.C. § 1252(a). The BIA had jurisdiction under 8 C.F.R. §§ 1003.1(b)(2) and 1240.15.

Initially, we reject Rubiano's Fifth Amendment due process of law argument. The respondent Attorney General, citing, inter alia, Burlington Northern Railroad Co. v. Hyundai Merchant Marine Co., 63 F.3d 1227, 1231-32 (3d Cir. 1995), contends that

3

Rubiano is barred from raising the issue by the doctrine of issue preclusion. But that is not so, as issue preclusion arises when the matter in dispute before the court, in the words of <u>Burlington Northern</u>, had been determined in a "prior action." <u>Id</u>. at 1232 (quoting <u>In re Graham</u>, 973 F.2d 1089, 1097 (3d Cir. 1992)). We undoubtedly decided the due process of law issue that Rubiano now raises on our review of her original petition in this very case and thus the doctrine of the law of the case is implicated on this petition. We reach this conclusion because in our earlier opinion we denied Rubiano's petition "as it relates to the BIA's order dismissing [Rubiano's] claim that her due process rights were violated." <u>Rubiano</u>, 2005 U.S. App. LEXIS 22612, at *5. We explained the law of the case doctrine in <u>Council of Alternative Political Parties v. Hooks</u>, 179 F.3d 64, 69 (3d Cir. 1999), as follows: "Under [the law of the case] doctrine, an appeals court should generally decline to reconsider an issue that another panel has decided on a prior appeal in the same case." That is exactly what Rubiano wants us to do and, consequently, we decline to hear Rubiano's due process of law claim based on the law of the case doctrine.

In reviewing this matter on the merits we review the decisions of both the IJ and the BIA inasmuch as the BIA in affirming adopted the decision of the IJ and to some degree made its own findings. <u>See</u> <u>Abdulai v. Ashcroft</u>, 239 F.3d 542, 548-49 & n.2 (3d Cir. 2001). In our review we use the deferential substantial evidence standard and thus we uphold the decisions if they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." <u>Lie v. Ashcroft</u>, 396 F.3d 530, 534 n.3 (3d Cir. 2005) (quoting <u>INS v. Elias-Zacarias</u>, 502 U.S. 478, 481, 112 S.Ct. 812, 815

4

(1992)).  Plainly on the basis of that standard we cannot disturb the orders of the IJ and the BIA.  The IJ believed that Rubiano's testimony was "deliberately evasive" and "fabricated" on important points and she explained why she had reached that conclusion. App. at 25, 27.  The BIA agreed that the IJ properly did not accept Rubiano's credibility, though it thought that she was "unduly harsh" in her characterization of the testimony as "fabricated."  App. at 2.  Either way the record supports rejecting Rubiano's testimony and thus the record requires that we deny her petition for review.

The petition for review of the decision and order of the BIA entered August 1, 2006, will be denied.

––––––––––